**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MELISSA GRAYSON #456881,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:16-cv-00201** |
| **v.** | ) | |
| | ) | **Chief Judge Sharp** |
| **VICKI FREEMAN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM</u>**

Petitioner Melissa Grayson, a convicted prisoner in state custody, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent moved to dismiss the petition as time-barred. (ECF No. 14.) The Court ordered Petitioner to file any response to that motion no later than May 13, 2016, (ECF No. 16), but she has failed to do so. For the reasons that follow, the petition is untimely, and Respondent's motion will be granted.

**I. LIMITATIONS PERIOD AND RELEVANT FACTS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitations period is tolled during the time that "a properly filed application

---

[1] The statutory period may also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D).

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Judgments on Petitioner's criminal convictions were entered on September 3, 2009. (ECF No. 13-1, at 28–32.)  She did not immediately take a direct appeal, but filed a state petition for post-conviction relief eleven months later, on August 3, 2010. (ECF No. 13-1, at 33.) On December 14, 2010, the trial court signed an order allowing Petitioner to proceed with an untimely motion for new trial and holding her post-conviction action in abeyance pending exhaustion of the former proceeding. (ECF No. 13-1, at 67–68.)  Through appointed counsel, Petitioner filed her motion for new trial on February 15, 2011, (ECF No. 13-1, at 69), and the trial court denied it on March 11, 2011. (ECF No. 13-1, at 73.)  The Tennessee Court of Criminal Appeals affirmed on August 20, 2012, and the Tennessee Supreme Court denied permission to appeal on January 14, 2013. (ECF No. 13-11, at 1; ECF No. 13-13); *State v. Grayson*, No. M2011-00648-CCA-R3-CD, 2012 WL 3611821 (Tenn. Ct. Crim. App. Aug. 20, 2012), *perm. app. denied* (Tenn. Jan. 14, 2013).  Through appointed counsel, Petitioner then filed an amended petition for post-conviction relief on September 10, 2013. (ECF No. 13-14, at 73.)  The trial court held a hearing on the petition on November 21, 2013, (ECF No. 13-14, at 82), and denied relief by order entered December 12, 2013. (ECF No. 13-14, at 84.)  The Tennessee Court of Criminal Appeals affirmed on September 26, 2014, and the Tennessee Supreme Court again denied permission to appeal on December 19, 2014. (ECF No. 13-18, at 1); *Grayson v. State*, No. M2013-02842-CCA-R3-PC, 2014 WL 4793474 (Tenn. Ct. Crim. App. Sept. 26, 2014), *perm. app. denied* (Tenn. Dec. 19, 2014).

At the very latest, then, Petitioner's AEDPA limitations period began to run upon the state supreme court's denial of his application to appeal in his post-conviction case, and expired

one year later, on December 21, 2015.[2]  In the absence of any reason to toll her limitations period, Petitioner's February 10, 2016 filing of her federal habeas petition[3] was clearly too late. (*See* ECF No. 1, at 11.)

## II.  EQUITABLE TOLLING ANALYSIS

Petitioner asserts that she is entitled to equitable tolling to excuse the late-filing of her petition. (ECF No. 1, at 10.)  AEDPA's one-year statute of limitations may be subject to equitable tolling under appropriate circumstances, allowing courts to review otherwise time-barred habeas petitions where the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Leganon Corr. Inst.*, 673 F.3d 452, 461 (6th Cir. 2012); *accord Holland v. Florida*, 460 U.S. 631, 645 (2010).  To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and Petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling*, 673 F.3d at 462.  Petitioner has not carried this burden.

The petition makes generic references to "extraordinary circumstances" and "reasonable diligence," (ECF No. 1, at 10), but Petitioner does not allege any facts demonstrating such circumstances or diligence.  Without those facts, the bare recitation of the legal standard is not sufficient to entitle her to equitable tolling.  The petition does allege that Petitioner's "original attorney lost his license to practice law and this shows his detrimental practices that left the

---

[2] Because December 19, 2015, was a Saturday, Petitioner's time to file was automatically extended until Monday, December 21, 2015. Fed. R. Civ. P. 6(a)(1)(C).

[3] Under the prison mailbox rule, the petition is deemed to have been filed when it was delivered to prison authorities for mailing to the federal court. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (*pro se* prisoner's notice of appeal deemed "filed" on date notice is deposited in prison mailbox for forwarding to clerk of court).

Petitioner with ineffective representation." (ECF No. 1, at 10.) "[O]riginal attorney" is a reference to Petitioner's trial attorney, Fletcher Long, who has indeed been disbarred. (ECF No. 1, at 5.) But while that fact might lend support to her claim that she received ineffective assistance from trial counsel, it does not have any bearing on why she failed to file a timely habeas petition more than five years after his representation of her ended.

Despite being expressly granted a generous period of time to respond to Respondent's motion to dismiss (ECF No. 16), Petitioner has not responded with any additional facts to support her equitable tolling theory.

## III. CONCLUSION

Petitioner's action is untimely, and she has not carried her burden of establishing that she is entitled to equitable tolling. Accordingly, Respondent's motion to dismiss will be granted, and this case will be dismissed.

An appropriate Order is filed herewith.

_Kevin H. Sharp_
Kevin H. Sharp, Chief Judge
United States District Court